IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RAUL CHAVEZ,<br>         Petitioner,<br><br>v.<br><br>ERIN BUSTAMANTE,<br>Probation Officer,<br>         Respondent. | §<br>§<br>§<br>§     Cause No. EP-25-CV-362-KC<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Raul Chavez, former Federal Prisoner Number 22601-014, challenges his conviction through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed for lack of jurisdiction.

### BACKGROUND

Chavez pled guilty before the United States Magistrate Judge in Connecticut to conspiring to possess with the intent to distribute and distributing more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). *United States v. Chavez*, 3:14-CR-185-JAM-1 (D. Conn), J. Crim. Case, ECF No. 489. He was sentenced to 144 months' confinement. *Id*. His conviction was vacated, and his case was remanded for trial, because the District Court erred in refusing to permit Chavez to withdraw his guilty plea when he made the request before the District Court accepted his guilty plea. *Id*., Order, ECF No. 600 (citing Fed. R. Crim. P. 11(d)(1) (permitting a defendant to withdraw a guilty plea "before the court accepts the plea, for any reason or no reason"); *United States v. Lopez*, 385 F.3d 245, 250 (2d Cir. 2004) ("In every instance, irrespective of the type of plea agreement involved, a defendant may, as a matter of right, withdraw his guilty plea before it has been accepted by the district court.")). Chavez was subsequently found guilty by a jury for the same offense and sentenced to 168 months' imprisonment followed by five years' supervised release. *Id*., J. Crim. Case, ECF No. 726. His first motion to vacate

under 28 U.S.C. § 2255 was dismissed without prejudice by the district court because he filed it before the Second Circuit Court of Appeals acted on his direct appeal. *Id.*, Order, ECF No. 738. His direct appeal was denied by the Second Circuit, and his judgment was affirmed, on November 29, 2023. *United States v. Duron*, No. 22-1559-CR, 2023 WL 8253056, at *1 (2d Cir. Nov. 29, 2023).

Chavez filed a second § 2255 motion, which is still pending, in the Connecticut District Court on May 19, 2025. *Chavez v. United States*, 3:14-cr-185-SFR (D. Conn.), Mot to Vacate, ECF No. 1. He raised six grounds for relief. First, he claimed that the trial court improperly denied him the opportunity to withdraw his guilty plea. *Id.* at 2. Second, he asserted that the Government coerced his son into offering perjured testimony through threats of returning him to prison. *Id*. Third, he argued that the Government's case relied on perjured testimony and the evidence was insufficient to find him guilty. *Id.* at 3. Fourth, he claimed that there was no proof that his activities affected interstate commerce or otherwise fell within the scope of federal criminal law. *Id.* Fifth, he declared his right to a speedy trial was violated. *Id*. at 4. Finally, he insisted that the prosecution relied heavily on interpretations of criminal law not grounded in evidence but derived from broad, unreviewed agency constructions. *Id.* He asked the trial court to vacate his conviction and sentence, dismiss the indictment with prejudice, and grant any other just and proper relief. *Id.* at 5.

His instant § 2241 petition followed on September 2, 2025. Pet'r's Pet., ECF No. 1. First, he claimed that the trial court wrongfully denied his request to withdraw his guilty plea. *Id.* at 3. Second, he asserted that the prosecution obtained his conviction through coerced testimony. *Id*. Third, he argued that the evidence was insufficient to support his conviction. *Id.* Fourth, he maintained that the trial court lacked subject matter jurisdiction because his conduct was purely local. *Id*. at 4. Fifth, he claimed that his speedy trial rights were violated. Sixth, he asserted that the prosecution relied on broad interpretations of the

criminal statutes rather than the evidence to obtain his conviction. *Id*. Seventh, he complained that he was retried after a delay of seven years which, he believed, was contrary to what he believed was the protection against multiple punishments for the same offense. *Id.* Finally, he maintained that the Government relied on evidence at his trial that it failed to muster before he entered his guilty plea. *Id.* He asked the Court to declare his conviction and sentence void, vacate the judgement, terminate his supervised release, and grant any additional relief the Court deems proper. *Id.* at 5.

## APPLICABLE LAW

As a preliminary matter, a reviewing court must determine whether the petitioner properly raised a claim in a § 2241 petition. If the reviewing court finds "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

### A.   28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### B.   28 U.S.C. § 2255

By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v.*

*Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). And a § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

### C.  Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may raise his claims in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court noted § 2255(h) strictly limited second or successive § 2255 motions to those that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones*, 599 U.S. at 476 (quoting 28 U.S.C. § 2255(h)). It then explained as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is to dismiss the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## ANALYSIS

Chavez remains on supervised release in El Paso, Texas, after leaving prison on August 1, 2025. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 22601-014, last visited Sep. 8, 2025). Although Chavez has completed his prison term, he is within his five-year term of supervised release and thus remains "in custody" for purposes of habeas relief. *Ojo v. I.N.S.*, 106 F.3d 680, 681 n.2 (5th Cir. 1997).

The Court observes that Chavez alleged numerous errors in his § 2241 petition that occurred before and during his trial which resulted in his conviction by a jury on September 15, 2021. Pet'r's Pet., ECF No. 2 at 3–5. As the Court noted above, a § 2255 motion—not a § 2241 petition—"provides the primary means of collateral attack on a federal sentence." *Pack*, 218 F.3d at 451. And Chavez currently has a § 2255 motion pending in the trial court. *Chavez v. United States*, 3:14-cr-185-SFR (D. Conn.), Mot to Vacate, ECF No. 1.

Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention. 28 U.S.C. § 2255(e). But a § 2255 motion is *deemed adequate unless* the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Jones*, 599 U.S. at 470 (emphasis added).

Chavez does not present newly discovered evidence to support any of his claims. *See, e.g., United States v. Chavez*, 3:14-CR-185-JAM-1 (D. Conn), Order, ECF No. 600 (citing Fed. R. Crim. P. 11(d)(1))

5

(explaining Chavez's original conviction was vacated, and his case was remanded for trial, because the district court erred by refusing to permit Chavez to withdraw his guilty plea before it accepted his guilty plea).

Chavez also does not identify a new rule of constitutional law retroactively applicable to his case. Indeed, his claims are contrary to long-established rules of constitutional law. *See, e.g., United States v. Smith*, 997 F.2d 674, 680 (10th Cir. 1993) ("Judges and prosecutors do not necessarily commit a *Webb*-type violation merely by advising a witness of the possibility that he or she could face prosecution for perjury if his or her testimony differs from that he or she has given previously.") (referring to *Webb v. Texas*, 409 U.S. 95, (1972)); *United States v. Tateo*, 377 U.S. 463, 465 (1964) ("The Fifth Amendment provides that no 'person (shall) be subject for the same offence to be twice put in jeopardy of life or limb * * *.' The principle that this provision does *not* preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence.") (emphasis added); 18 U.S.C. § 3231 ("the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."); *United States v. Daniels*, 48 F. App'x.409 418 (3rd Cir. 2002) ("As sovereign, the United States has standing to prosecute violations of valid criminal statutes.").

Consequently, the fact that Chavez has a § 2255 motion pending in the trial court and he cannot meet either of § 2255(h)'s second or successive requirements means that he cannot bring his claims in this

6

Court under § 2241. *Jones*, 599 U.S. at 470.

## CONCLUSION AND ORDERS

The Court concludes Chavez has a § 2255 motion pending and he cannot satisfy either prong of the stringent § 2255(e) savings clause test. Hence, it concludes he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255 and it plainly appears from his petition he is not entitled to relief under § 2241. The Court accordingly enters the following orders:

**IT IS ORDERED** that that Raul Chavez's *pro se* "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Raul Chavez's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without the approval of a circuit court of appeals, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 9th day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE